

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*401 Market Street, 4ᵗʰ floor*          *856-757-5026*
*Camden, New Jersey 08101*

AND/PL AGR
2023R00754

February 10, 2025

**Via Email**
Megan J. Davies, Esq.
Law Offices of Megan J. Davies
38 North Haddon Ave.
Haddonfield, NJ 08033
mjd@mjdavieslaw.com

   Re: <u>Plea Agreement with Franco Lopez-Solis</u> 25-cr-443-ESK

Dear Ms. Davies:

  This letter sets forth the plea agreement between your client, Franco Lopez-Solis ("Lopez-Solis"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on February 24, 2025, if it is not accepted in writing by that date. If Lopez-Solis does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Lopez-Solis to an one-count Information, which charges Lopez-Solis with a violation of Title 21, United States Code, Section 846 for his conspiracy with Malcolm Browne Silva to possess with intent to distribute controlled substances, namely fentanyl and cocaine, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). If Lopez-Solis enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Lopez-Solis for his involvement in a conspiracy to distribute and possess with intent to distribute drugs between October and November 2023. Lopez-Solis agrees that uncharged or dismissed counts, if provable by a preponderance of the evidence, should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or § 1B1.3(a).

  But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain

in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Lopez-Solis even if the applicable statute of limitations period for those charges expires after Lopez-Solis signs this agreement, and Lopez-Solis agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of Title 21, United States Code, Section 846 to which Lopez-Solis agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $1,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Any prison sentence imposed may run consecutively to any prison sentence Lopez-Solis is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Lopez-Solis is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551–3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Lopez-Solis ultimately will receive.

Further, in addition to imposing any other penalty on Lopez-Solis, the sentencing judge as part of the sentence:

(1)     will order Lopez-Solis to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     may order Lopez-Solis to pay restitution pursuant to 18 U.S.C. § 3663, *et seq.*;

(3)     must order forfeiture, pursuant to 21 U.S.C. § 853;

(4)     may deny Lopez-Solis certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5)     pursuant to 21 U.S.C. § 841, must require Lopez-Solis to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Lopez-Solis be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Lopez-

Solis may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of Lopez-Solis's acceptance of responsibility and pursuant to 21 U.S.C. § 853, Lopez-Solis agrees to forfeit to the United States any and all property constituting or derived from any proceeds Lopez-Solis obtained, directly or indirectly, as the result of the violation charged in the Information, and all of Lopez-Solis's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violation charged in the Information.

Lopez-Solis further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by Lopez-Solis (the "Money Judgment"). Lopez-Solis consents to the entry of an order requiring Lopez-Solis to pay the Money Judgment and agrees that such Order will be final as to Lopez-Solis prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Lopez-Solis's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Lopez-Solis further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Lopez-Solis waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Lopez-Solis consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to Lopez-Solis prior to the sentencing. Lopez-Solis understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure

by the court to advise Lopez-Solis of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Lopez-Solis further understands that Lopez-Solis has no right to demand that any forfeiture of Lopez-Solis's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Lopez-Solis in addition to forfeiture.

Lopez-Solis further agrees that, not later than the date Lopez-Solis enters the guilty plea, Lopez-Solis will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Lopez-Solis fails to do so, or if this Office determines that Lopez-Solis has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Lopez-Solis by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Lopez-Solis's activities and relevant conduct with respect to this case.

Stipulations

This Office and Lopez-Solis will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

- 4 -

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Lopez-Solis waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Lopez-Solis understands that, if Lopez-Solis is not a citizen of the United States, Lopez-Solis's guilty plea to the charged offense will likely result in Lopez-Solis being subject to immigration proceedings and removed from the United States by making Lopez-Solis deportable, excludable, or inadmissible, or ending Lopez-Solis's naturalization. Lopez-Solis understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Lopez-Solis wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Lopez-Solis's removal from the United States. Lopez-Solis understands that Lopez-Solis is bound by this guilty plea regardless of any immigration consequences. Accordingly, Lopez-Solis waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Lopez-Solis also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Lopez-Solis. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Lopez-Solis from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Lopez-Solis and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

VIKAS KHANNA
Acting United States Attorney

By:    Andrew N. D'Aversa
Patrick C. Askin
Assistant U.S. Attorneys

APPROVED:

Jason M. Richardson
Attorney-in-Charge, Camden
United States Attorney's Office
District of New Jersey

- 6 -

I have received this letter from my attorney, Megan J. Davies, Esq. I have read it or it has been translated for me into Spanish. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_Franco Lopez-Solis_                    Date: 2/21/25
Franco Lopez-Solis


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_Megan J. Davies_                    Date: 2/21/25
Megan J. Davies, Esq.
Counsel for Defendant Franco Lopez-Solis

Plea Agreement With Franco Lopez-Solis

Schedule A

1.      This Office and Defendant Franco Lopez-Solis recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2024 applies in this case.

3.      The applicable guideline is U.S.S.G. § 2D1.1. This guideline carries a Base Offense Level of 32 because the offense involved greater than 3,000 kilograms but less than 10,000 kilograms of converted drug weight. *See* U.S.S.G. § 2D1.1 (c)(4).

4.      As of the date of this letter, Lopez-Solis has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Lopez-Solis's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

5.      As of the date of this letter, Lopez-Solis has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Lopez-Solis's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Lopez-Solis enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Lopez-Solis's acceptance of responsibility has continued through the date of sentencing and Lopez-Solis therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Lopez-Solis's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6.      Accordingly, the parties agree that the total Guidelines offense level applicable to Lopez-Solis is 29 (the "Total Offense Level").

7.      The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

8.      If the term of imprisonment does not exceed 135 months, and except as specified in the next paragraph below, Lopez-Solis will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any

- 8 -

reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 108 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

9.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)     Any proceeding to revoke the term of supervised release.

    (b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).